IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY STAUB <br> 9243 Cerulean Place <br> Midlothian, Virginia 23238 <br><br> Petitioner/Plaintiff, <br><br> vs. <br><br> LOCUS MANAGEMENT, LLC <br> c/o CT Corporation System <br> 4400 Easton Commons, Suite 125 <br> Columbus, Ohio 43219 <br><br> -and- <br><br> LOCUS SOLUTIONS, LLC <br> c/o CT Corporation System <br> 4400 Easton Commons, Suite 125 <br> Columbus, Ohio 43219 <br><br> Respondents/Defendants. | CASE NO.: <br><br> JUDGE: <br><br> **APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD AND MOTION TO FILE DECISION OF ARBITRATOR UNDER SEAL** |

Now comes Petitioner/Plaintiff Timothy G. Staub ("Staub"), by counsel, who moves this Honorable Court pursuant to 9 U.S.C. §§ 9 and 13 to confirm an arbitration award issued in JAMS Arbitration Ref. No 5410000526 between Staub and Respondents/Defendants Locus Management, LLC and Locus Ingredients, a wholly owned subsidiary of Locus Solutions, LLC (collectively "Locus") and enter judgment in his favor against Locus.

### INTRODUCTION

1. After Staub's employment with Locus was terminated "without cause" within the meaning of his Employment Agreement, Locus refused to pay Staub his

contractual severance benefits. Staub initiated an arbitration with JAMS pursuant to the consent to arbitrate clause in his Employment Agreement. On September 16, 2024, JAMS served the arbitrator's final award upon the parties. To date, Locus has not satisfied the arbitration award.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 9 U.S.C. § 9, and JAMS Employment Arbitration Rule 25.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, 9 U.S.C. § 9, Local Rule 3.8(a).

4. Additionally, the Employment Agreement contains a choice of jurisdiction and venue clause in favor of any state or federal court located in Cuyahoga County, Ohio.

## PARTIES

5. Staub is a Virginia resident and the former CEO of Locus Ingredients, a wholly owned subsidiary of Locus Solutions, LLC and a former employee of Locus Management, LLC.

6. Locus Management, LLC is a Solon, Ohio based company that, upon information and belief, operates as the primary W-2 employer of the employees working for the various Locus Solutions, LLC subsidiaries.

7. Locus Ingredients is a division and/or wholly owned subsidiary of Locus Solutions, LLC, a Solon, Ohio based company that develops biobased biosurfactant ingredients.

## FACTS

8. On September 15, 2022, Staub and Locus entered into an Employment Agreement. Ex. 1 at *Exhibit A*.

9. The Employment Agreement contains a Consent to Arbitrate clause specifying arbitration in accordance with JAMS Employment Arbitration Rules &

Procedures ("JAMS Rules") for all claims arising out of or relating to Staub's employment and termination from employment. The Consent to Arbitrate clause states that "[a]ny decision and findings of the arbitrator shall be final and binding on the parties and held confidential by the parties." *Id.* at 9-10.

10. On October 10, 2023, Locus informed Staub that his employment would end effective October 13, 2023.

11. On November 3, 2023, Staub filed an Arbitration Demand with JAMS and served same on Locus. Ex. 1.

12. On January 11, 2024, the Hon. Thomas M. Blewitt (Ret.) was appointed arbitrator in the matter. Ex. 2. The arbitration hearing was set for Cleveland, Ohio.

13. On September 16, 2024, JAMS served the arbitrator's written, reasoned decision.[1]

14. No party requested that the arbitrator correct any computational, typographical or other similar error in the award within the time period designated by JAMS Rule 24(j).

15. Pursuant to JAMS Rule 24(k) the award became final on September 30, 2024.

16. JAMS Rule 25 provides that proceedings to enforce and confirm the award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and that the parties to an arbitration under the JAMS Rules are deemed to have consented that judgment upon the award may be entered in any court having jurisdiction thereof.

---

[1] Out of an abundance of caution, because the Consent to Arbitrate clause states that "[a]ny decision and findings of the arbitrator shall be final and binding on the parties and held confidential by the parties," Staub moves this Honorable Court for an order permitting him to file the Decision of Arbitrator under seal. Should the Court issue such an order, Staub will file the Decision under seal and retroactively incorporate such sealed filing as Exhibit 3.

17. To date, Locus has not satisfied the final arbitration award.

## PRAYER FOR RELIEF

WHEREFORE Petitioner/Plaintiff Timothy G. Staub respectfully requests that this Court enter an Order permitting him to file the Decision of Arbitrator under seal and permit him to retroactively incorporate that Decision as Exhibit 3, issue an Order confirming the arbitration award, and enter judgment in his favor against Respondents/Defendants in compliance with the Decision of Arbitrator, including pre-judgment interest at 8%, pursuant to Ohio Rev. Code § 1343.03, from October 14, 2023, through the date of judgment.

Respectfully submitted,

*s/ Peter C. Mapley*
Peter C. Mapley (0092359)
**SOBEL, WADE & MAPLEY, LLC**
65 Erieview Plaza, #610
Cleveland, Ohio 44114
(216) 223-7213
mapley@swmlawfirm.com