# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| TIMOTHY STAUB<br>21002 Anclote Court<br>Venice, FL 34293<br><br>   Plaintiff,<br><br>vs.<br><br>LOCUS MANAGEMENT, LLC<br>c/o CT Corporation System<br>4400 Easton Commons, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>LOCUS SOLUTIONS, LLC<br>c/o CT Corporation System<br>4400 Easton Commons, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>LOCUS HOLDINGS, LLC<br>c/o CT Corporation System<br>4400 Easton Commons, Suite 125<br>Columbus, OH 43219<br><br>and<br><br>FTI CONSULTING, INC.<br>c/o The Corporation Trust, Inc., agent<br>2405 York Road, Suite 201<br>Lutherville Timonium, MD 21093<br><br>and<br><br>JOSEPH CONCANNON<br>1000 Omega Drive, Suite 1325<br>Pittsburgh, Pennsylvania 15205<br><br>   Defendants. | CASE NO. 1:24-CV-01868<br><br>JUDGE DAVID A. RUIZ<br><br>**VERIFIED COMPLAINT FOR PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND OTHER RELIEF**<br><br>**<u>JURY DEMAND ENDORSED HEREON</u>** |

For his Verified Complaint against Defendants Locus Management, LLC, Locus Solutions, LLC, Locus Holdings, LLC, and Joseph Concannon, Plaintiff Timothy Staub, through counsel, alleges the following:

## **INTRODUCTORY STATEMENT**

1. Plaintiff Timothy Staub is an individual and a resident of the Commonwealth of Virginia.

2. Defendant Locus Management, LLC ("Locus Management") is a limited liability company, organized and existing under the laws of the State of Ohio, that filed a certificate of dissolution with the Ohio Secretary of State on December 3, 2024.

3. Defendant Locus Solutions, LLC ("Locus Solutions") is a limited liability company, organized and existing under the laws of the State of Ohio, that filed a certificate of dissolution with the Ohio Secretary of State on December 3, 2024.

4. Defendant Locus Holdings, LLC ("Locus Holdings") is a limited liability company, organized and existing under the laws of the State of Delaware.

5. Defendant FTI Consulting, Inc. ("FTI") is a corporation, organized and existing under the laws of the State of Maryland.

6. Upon information and belief, Defendant Joseph Concannon is an individual and resident of the State of Pennsylvania.

7. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount at issue exceeds $75,000 and there is complete diversity between the Plaintiff and Defendants.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d) because Locus Management and Locus Solutions are each entities created and existing in the State of Ohio and had their principal places of business in the Northern District of Ohio.

**FACTS**

9. On September 16, 2024, Plaintiff received the final award related to an arbitration dispute between Plaintiff and Defendants Locus Management and Locus Solutions (the "Arbitration Award").

10. On October 25, 2024, Plaintiff filed an Application to Confirm Arbitration Award with this Court (the "Application to Confirm Award").

11. On November 6, 2024, only twelve (12) days after the filing of the Application to Confirm Award, both Locus Management and Locus Solutions began to transfer trade names and fictitious names to Defendant Locus Holdings, which was formed on August 12, 2024 during the pendency of the arbitration.

12. On November 6, 2024, Locus Management filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Management transferred the trade name "Locus Ingredients" to Locus Holdings (the "Locus Ingredients Assignment").

13. A true copy of the Locus Ingredients Assignment is attached to this Complaint as Exhibit 1.

14. On November 6, 2024, Locus Solutions filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Solutions transferred the trade name "Locus Fermentation Solutions" to Locus Holdings (the "Locus Fermentation Solutions Assignment").

15. A true copy of the Locus Fermentation Solutions Assignment is attached to this Complaint as Exhibit 2.

16. On November 6, 2024, Locus Holdings filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Holdings transferred the trade name "Locus Animal Nutrition" to Locus Holdings (the "Locus Animal Nutrition Assignment").

17. A true copy of the Locus Animal Nutrition Assignment is attached to this Complaint as Exhibit 3.

18. On November 6, 2024, Locus Management filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Management transferred the trade name "Locus Wellness" to Locus Holdings (the "Locus Wellness Assignment").

19. A true copy of the Locus Wellness Assignment is attached to this Complaint as Exhibit 4.

20. On November 6, 2024, Locus Management filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Management transferred the trade name "Locus Consumer Brands" to Locus Holdings (the "Locus Consumer Brands Assignment").

21. A true copy of the Locus Consumer Brands Assignment is attached to this Complaint as Exhibit 5.

22. On November 6, 2024, Locus Management filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Management transferred the trade name "Locus Mining Solutions" to Locus Holdings (the "Locus Mining Solutions Assignment").

23. A true copy of the Locus Mining Solutions Assignment is attached to this Complaint as Exhibit 6.

24. On November 6, 2024, Locus Management filed an assignment of registered trade name with the Ohio Secretary of State, whereby Locus Management transferred the trade name

4

"Locus Performance Ingredients" to Locus Holdings (the "Locus Performance Ingredients Assignment").

25. A true copy of the Locus Performance Ingredients Assignment is attached to this Complaint as Exhibit 7.

26. Exhibits 1-7 were each signed by Defendant Joseph Concannon.

27. On December 3, 2024, both Locus Management and Locus Solutions filed certificates of dissolution with the Ohio Secretary of State.

28. A true copy of the Locus Management dissolution is attached to this Verified Complaint (the "Complaint") as Exhibit 8 (the "Locus Management Dissolution").

29. A true copy of the Locus Solutions dissolution is attached to this Complaint as Exhibit 9 (the "Locus Solutions Dissolution").

30. The Locus Management Dissolution and the Locus Solutions Dissolution were each signed by Defendant Joseph Concannon.

31. Defendant Joseph Concannon is listed as the "Chief Restructuring Officer" on the Locus Management Dissolution and the Locus Solutions Dissolution.

32. Defendant Joseph Concannon is an employee of Defendant FTI.

33. Prior to the Locus Management Dissolution and the Locus Solutions Dissolution, Locus Management and Locus Solutions, jointly and severally, owed a debt to Plaintiff by way of the Arbitration Award as well as the underlying agreement the Arbitration Award was based on.

34. The debt owed to Plaintiff caused Plaintiff to be a creditor to both Locus Management and Locus Solutions.

5

35. Upon information and belief, neither Locus Management nor Locus Solutions followed the requirements of R.C. 1706.475(a) before, during, or after the Locus Management Dissolution and the Locus Solutions Dissolution.

36. At a minimum, Plaintiff had a claim, as defined by R.C. 1336.01(C), against both Locus Management and Locus Solutions prior to the filing of the Locus Management Dissolution and the Locus Solutions Dissolution.

37. Both Locus Management and Locus Solutions were aware of the claim by way of the Arbitration Award and the Application to Confirm Award.

38. Plaintiff never received any notice from Locus Management or Locus Solutions pursuant to R.C. 1706.473.

39. Upon information and belief, Locus Management and Locus Solutions have each transferred, or have plans to transfer, other assets from Locus Management and Locus Solutions to Locus Holdings.

40. Upon information and belief, FTI is an agent or entity with authority over Locus Management and Locus Solutions, and FTI has transferred, or has plans to transfer, other assets from Locus Management and Locus Solutions to Locus Holdings.

41. Upon information and belief, Joseph Concannon is an agent or person with authority over Locus Management and Locus Solutions, and Mr. Concannon has transferred, or has plans to transfer, other assets from Locus Management and Locus Solutions to Locus Holdings.

42. The transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25, were made with actual intent to hinder, delay or defraud Plaintiff.

43. The transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25, were made without either Locus Management or Locus Solutions receiving a reasonably equivalent value in exchange for the transfer.

44. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon each concealed or otherwise misrepresented Plaintiff's claim in order to justify the transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25.

45. The transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25 materially affected the value of the Arbitration Award and Plaintiff's claim.

46. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon each were aware of the false nature of their representations, or they acted recklessly with regard to the Arbitration Award and Plaintiff's claim.

47. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon intended for their misrepresentations to be relied on.

48. Additionally, despite filing the Locus Solutions Dissolution, Locus Solutions is apparently still doing business, because Locus Solutions is actively participating in Case No. 1:24-cv-01878 before this Court.

49. Locus Solutions' participation in the other case includes filing a motion for leave and answer.

50. To date, Plaintiff is owed $370,676, jointly and severally, from Defendants Locus Management and Locus Solutions, and Plaintiff has not been paid, despite demand for payment.

### FIRST CLAIM: FRAUDULENT CONVEYANCE (O.R.C. § 1336.04)

51. Plaintiff restates each of the previous allegations as if fully restated herein.

7

52. On September 16, 2024, Plaintiff obtained the Arbitration Award against Defendants Locus Management and Locus Solutions.

53. The Arbitration Award constitutes a "claim" as defined by R.C. 1336.01(C).

54. Plaintiff is a "creditor" as defined by R.C. 1336.01(D).

55. The Arbitration Award is a "debt" as defined by R.C. 1336.01(E).

56. Defendant Locus Solutions is a "debtor" as defined by R.C. 1336.01(F).

57. Defendant Locus Management is a "debtor" as defined by R.C. 1336.01(F).

58. Defendant Joseph Concannon is an "insider" as defined by R.C. 1336.01(G)(5).

59. Defendant Locus Holdings is an "insider" as defined by R.C. 1336.01(G).

60. The Arbitration Award constitutes a "lien" as defined by R.C. 1336.01(H).

61. The transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25, were made with actual intent to hinder, delay or defraud Plaintiff.

62. The transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶10-25, were made without either Locus Management or Locus Solutions receiving a reasonably equivalent value in exchange for the transfer.

63. Plaintiff is entitled to relief under R.C. 1336.07, including either an avoidance of the transfers, including any transfers of other assets, or an attachment or garnishment of the transferred property.

64. In the alternative, Plaintiff is entitled to the equitable remedies set forth under R.C. 1336.07(A)(3).

65. In addition, and due to the malicious and reckless actions of Defendants, Plaintiff is entitled to any additional penalty damages the Court deems just and appropriate under the circumstances, plus Plaintiff's reasonable attorney fees.

8

**SECOND CLAIM: FRAUD**

66. Plaintiff restates each of the previous allegations as if fully restated herein.

67. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon each concealed or otherwise misrepresented Plaintiff's claim in making the transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25.

68. The transfers described in ¶¶ 39-41, as well as the transfers described in ¶¶ 10-25 were material to Plaintiff's claim and the debt owed to Plaintiff pursuant to the Arbitration Award.

69. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon each were aware of the false nature of their representations, or they acted recklessly with regard to the Arbitration Award and Plaintiff's claim, when they caused the transfers to be made.

70. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon intended for their misrepresentations or concealments to be relied on.

71. Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon's misrepresentations and concealments have caused damage to Plaintiff in the form of non-payment of the Arbitration Award or Plaintiff's claim.

72. Plaintiff is owed an amount to be proven at trial, but believed to be in excess of $75,000, jointly and severally from Defendants Locus Management, Locus Solutions, FTI, and Joseph Concannon, plus any additional penalty damages the Court deems just and appropriate under the circumstances, plus Plaintiff's reasonable attorney fees.

**THIRD CLAIM: ACTION FOR APPOINTMENT OF RECEIVER AND WINDING UP**

73. Plaintiff restates each of the previous allegations as if fully restated herein.

74. Pursuant to R.C. 2735.01(A)(1), Plaintiff is a creditor of Locus Management and Locus Solutions.

75. Locus Management and Locus Solutions' property or funds are in danger of being lost, removed, or materially injured.

76. As a creditor, Plaintiff is entitled to the appointment of a receiver by the Court, since Locus Management and Locus Solutions' property or funds are in danger of being lost, removed, or materially injured.

77. In addition, Plaintiff is likely to obtain a judgment, in the form of confirmation of the Arbitration Award, and at that time a receiver should be appointed according to R.C. 2735.01(A)(4) or (5).

78. Locus Management and Locus Solutions have both been voluntarily dissolved.

79. In addition, a receiver should be appointed pursuant to R.C. 2735.01(A)(6) because Locus Management and Locus Solutions have both been dissolved without first paying Plaintiff.

80. After the dissolution, neither Locus Management nor Locus Solutions has followed the procedures set for the in R.C. 1706.472, so the receiver should be appointed to conduct the winding up of those LLCs.

## FIFTH CLAIM: CIVIL CONSPIRACY

81. Plaintiff restates each of the previous allegations as if fully restated herein.

82. The Defendants in this case acted in concert with each other in attempting to avoid payment of the outstanding debt to Plaintiff Timothy Staub.

83. The aforementioned actions of the Defendants constitute a civil conspiracy.

84. Plaintiff is entitled to damages related to the conspiracy in an amount to be proven at trial, but believed to be in excess of $75,000, plus any additional penalty damages the Court deems just and appropriate under the circumstances, plus Plaintiff's reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Timothy Staub prays for the following relief:

(1)  As to the First Claim, a judgment declaring that Defendants Locus Management LLC and Locus Solutions LLC each violated R.C. 1336.04, that their violations were malicious or with reckless disregard to Plaintiff's rights, and awarding Plaintiff to relief, plus any punitive damages the Court deems appropriate, plus Plaintiff's reasonable attorney's fees.

(2)  As to the Second Claim, a judgment declaring that Defendants Locus Management, LLC, Locus Solutions, LLC, FTI Consulting, Inc., and Joseph Concannon committed fraud related to the transfer of property and other assets from Locus Management and Locus Solutions to Locus Holdings or any other person or entity, and finding Defendants Locus Management, LLC, Locus Solutions, LLC, FTI Consulting, Inc., and Joseph Concannon liable, jointly and severally, in in an amount to be proven at trial, but believed to be in excess of $75,000, plus any punitive damages the Court deems appropriate, plus Plaintiff's reasonable attorney's fees.

(3)  As to the Third Claim, an order appointing a receiver pursuant to R.C. 2735.01(A)(1) and granting the receiver the authority to oversee Locus Management, LLC and Locus Solutions, LLC's property or other assets.

(4)  As to the Fourth Claim, an order permitting the Court and/or the receiver appointed by the Court to oversee the winding up of both Locus Management, LLC and Locus Solutions, LLC'

(5)  As to the Fifth Claim, a judgment declaring that all of the Defendants, together, have engaged in a conspiracy to cause Plaintiff's debt to go unpaid by Locus Management, LLC and Locus Solutions, LLC, and awarding Plaintiff, jointly and severally against all

        Defendants, an amount to be proven at trial, but believed to be in excess of $75,000, plus any punitive damages the Court deems appropriate, plus Plaintiff's reasonable attorney's fees.

(6)    Pre- and post-judgment interest at the statutory rate.

(7)    Such other relief as the Court deems just and proper under the circumstances.

                                          Respectfully submitted,

                                          *s/Michael R. Fortney*
                                          Michael R. Fortney (#0092325)
                                          FORTNEY LAW, LLC
                                          300 Weatherstone Dr. #303
                                          Wadsworth, OH 44281
                                          (330) 619-8502
                                          mike@ohiolienlawyer.com

                                          Attorney for Plaintiff

## VERIFICATION

I swear that the facts recited in the foregoing verified complaint for preliminary injunction, permanent injunction, and other relief are true to the best of my knowledge.

_____
Timothy Staub

State of Florida ~~Commonwealth of Virginia~~ )
                                    ) ss
Sarasota County        )

SWORN to and SUBSCRIBED in my presence this 28 day of February, 2025

_____Ethan Lederer_____
NOTARY PUBLIC

Clear Form

# Jurat Certificate



State of Florida

County of **Sarasota**

Sworn to (or affirmed) and subscribed before me this **28th** day of **February**, 20 **25**, by means of ☒ physical presence or ☐ online notarization **TIMOTHY G STAUB** (name of person making statement).

☐ Personally known to me
☒ Produced Identification
　　Type of Identification Produced **Florida driver's license**

Notary Signature　*Ethan Ridener*

Title　**Notary public**

My appointment expires　**10/16/2027**

Place Seal Here

ETHAN RIDENER
Notary Public - State of Florida
Commission # HH 454571
My Comm. Expires Oct 16, 2027

## Description of Attached document

Type or Title of Document
**Preliminary injunction**

Document Date
**02/28/2025**

Number of Pages
**13**

Signer(s) Other Than Named Above

© 2024 Wells Fargo Bank, N.A. All rights reserved.
DSG3018FL/595500 (Rev 04 - 09/24)