IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY STAUB** | ) | CASE NO. 24-CV-01868 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| vs. | ) | |
| | ) | |
| **LOCUS MANAGEMENT, LLC,** *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF OF DEFENDANT LOCUS HOLDINGS, LLC
REGARDING SUPPLEMENTAL JURISDICTION**

Defendant Locus Holdings, LLC ("Locus"), by and through undersigned counsel, hereby files its Brief Regarding Supplemental Jurisdiction and respectfully states as follows:

**I.      INTRODUCTION**

1.      These proceedings originated when Plaintiff Timothy Staub ("Plaintiff") filed an Application to Confirm Arbitration Award ("Application").  The Application asked the Court to confirm an arbitration award made in Plaintiff's favor against Defendants Locus Management, LLC and Locus Solutions, LLC pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA").  The arbitration award stems from certain claims for severance and related obligations under an Employment Agreement that Plaintiff purports to have had with Locus Management, LLC and an entity called Locus Ingredients, which Plaintiff described as a wholly owned subsidiary of Locus Solutions, LLC.   Locus Management, LLC and Locus Solutions, LLC were the only defendants named in the Application.

2. One week ago, within the same proceeding, Plaintiff filed an entirely new Verified Complaint for Preliminary Injunction, Permanent Injunction, and Other Relief ("Complaint"). The Complaint added Locus, FTI Consulting, Inc., and Joseph Concannon as defendants and asserts claims for fraudulent conveyance, fraud, an action for appointment of receiver and winding up, and civil conspiracy. Each of these claims were made pursuant to Ohio statutory and common law. None of these new claims relate to the core nucleus of facts that gave rise to the arbitration proceeding; instead, they relate to certain foreclosure and restructuring transactions that occurred in November of 2024. Furthermore, none of the new defendants had any contracts with Plaintiff and certainly did not have any arbitration agreement in place with Plaintiff and were not involved in the arbitration proceeding in any way.

3. Alongside the Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). After Locus submitted its Opposition to the Motion, the Court held a hearing in which it raised the question, *sua sponte*, of whether the Court has jurisdiction to consider the Motion. Plaintiff had only asserted diversity jurisdiction in support of Complaint, but failed to adequately address the citizenship of each defendant to demonstrate complete diversity.[1] The Court then raised the question of whether it had supplemental jurisdiction over the new claims based on having original jurisdiction over the arbitration claims that began this case. The Court ordered the parties to submit briefs addressing this specific issue of supplemental jurisdiction. For the reasons below, the Court cannot exercise supplemental jurisdiction to decide Plaintiff's Motion.[2]

---

[1] Upon information and belief, corporate records indicate that at least one member (if not more) of Locus Solutions, LLC is a citizen of Virginia, of which Plaintiff is also a citizen. Application, ¶ 5; Compl., ¶ 1.
[2] Locus makes these arguments for the limited purpose of responding to the Court's order. Locus reserves all rights and waives none with respect to any assertions, denials, defenses, and dispositive motions it may raise in responding to the Complaint.

## II. THE COURT DOES NOT HAVE JURISDICTION TO DECIDE PLAINTIFF'S MOTION UNDER 28 U.S.C. § 1367(a) AND MAY DECLINE TO EXERCISE JURISDICTION UNDER 28 U.S.C. § 1367(c)

4. In his Complaint, Plaintiff seeks to recover for alleged fraudulent transfers of assets that either have occurred or that Plaintiff alleges may yet occur. Compl., ¶¶ 39, 40, 41, 63. The Motion seeks injunctive relief to prevent any transfers that may fall into the latter category. Mot., pp. 6-8. In addition to his fraudulent transfer claim, Plaintiff alleges a high likelihood of success on the merits of his fraud claim and request for appointment of a receiver. *Id.*, pp. 8-10.[3]

5. Each of the claims pleaded in Plaintiff's Complaint and argued in his Motion are made under Ohio statutory and common law. An action for fraudulent transfer is a creation of Ohio statute. O.R.C. § 1336.04. So too with requests for a receivership. O.R.C. § 2735.01(A). Fraud and civil conspiracy claims arise from Ohio common law. *Lee v. Countrywide Home Loans, Inc.*, 692 F.3d 442, 444 (6th Cir. 2012) (identifying fraud and civil conspiracy claims as "Ohio common law claims"). Plaintiff's sole federal law claim is raised in the Application pursuant to 9 U.S.C. § 9.

6. Locus does not dispute that the Court has subject matter jurisdiction over Plaintiff's FAA claim. But for the Court to have subject matter jurisdiction to over Plaintiff's state law claims, they must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Sexstella-Wright v. Sandusky City Sch. Dist. Bd. of Educ.*, 258 F. App'x 837, 839 (6th Cir. 2007) (quotation omitted). Plainly, this is not the case here.

---

[3] As set forth in its Opposition papers, Locus disputes that Plaintiff will succeed on its claims and that Plaintiff is facing any specific contemplated or threatened transfer that would cause any irreparable harm. To the contrary, as set forth in its Opposition papers, Locus asserts that granting Plaintiff the extraordinary injunctive relief that it seeks will cause irreparable harm to Locus.

3

7. Plaintiff's federal law claim contemplates an award issued in arbitration against Locus Management, LLC and Locus Solutions, LLC that involved only severance and related employment obligation claims. But for his state law claims, Plaintiff seeks to recover for assets transferred in connection with a strict foreclosure on collateral by a secured creditor pursuant to U.C.C. § 9-620. None of the defendants added in the Complaint were parties to the arbitration or were involved in Plaintiff's alleged termination as an employee. "Where the evidence needed to prove one claim differs materially from that needed to prove the purportedly supplemental claim, the claims do not derive from a common nucleus of operative fact." *Corpas v. Essex*, No. 20-CV-1806, 2021 WL 1555004, at *2 (N.D. Ohio Mar. 8, 2021). This is true of Plaintiff's claims.

8. The evidence needed to confirm Plaintiff's arbitration award is minimal as "It is well established that courts should play only a limited role in reviewing the decisions of arbitrators." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (quotation omitted). As "The Federal Arbitration act presumes that arbitration awards will be confirmed," courts may vacate an arbitration award under only a limited set of circumstances. *Id.* No evidence that would support or call into question the propriety of the arbitration award would have any bearing on Plaintiff's state law claims. Thus, "There is no substantial similarity between the predicate factual findings necessary to the resolution both the federal and state law claims." *Kubala v. Smith*, 984 F.3d 1132, 1138 (6th Cir. 2021) (quotation omitted). Supplemental jurisdiction is improper under 28 U.S.C. § 1367(a).

9. But even if the Court were to find a common nucleus of operative fact sufficient to satisfy § 1367(a), it still need not exercise supplemental jurisdiction pursuant to § 1367(c). "The decision to exercise supplemental jurisdiction is committed to the district court's discretion and is not mandatory." *Filing v. Phipps*, No. 5:07CV1712, 2008 WL 11380153, at *4 (N.D. Ohio Oct.

17, 2008) (quotation omitted). Further, "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* (quoting *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Here, § 1367(c) provides two pathways for the Court to decline to exercise supplemental jurisdiction.

10. First, § 1367(c)(2) provides that the Court may decline to exercise supplemental jurisdiction over a claim — even when otherwise authorized by subsection (a) — if "the claim substantially predominates over the claims over which the district court has original jurisdiction." State law claims do so when they would "engulf [a federal law claim] within a larger dispute involving unrelated law and evidence across a broader set of parties." *Pritchard v. FTM, LLC*, No. 3:23-CV-01001-JGC, 2024 WL 3012836, at *10 (N.D. Ohio June 14, 2024). Courts also consider "whether [state law claims] outnumber the federal law claims; whether the claims are distinct; and whether the state law claims involve proof that is not needed to establish the federal law claims." *Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 WL 649841, at *9 (S.D. Ohio Mar. 11, 2009). Here, Plaintiff seeks to bootstrap four unrelated state law claims and three new defendants onto the back of a single federal law claim. As this would substantially "change the nature of this lawsuit," *Pritchard* at *10, the Court may decline to exercise supplemental jurisdiction pursuant to § 1367(c)(2).

11. Second, § 1367(c)(3) provides that the Court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." Although Plaintiff's FAA claim remains pending for now, he has already asked the Court to resolve this claim by filing a Motion for Default Judgment. But Plaintiff cannot have it both ways. He cannot seek both expeditious resolution of his sole federal law claim and to use that claim as an anchor to sustain this Court's jurisdiction over his myriad state law claims.

5

12. In considering the question of supplemental jurisdiction, Courts also consider "the values of judicial economy, convenience, fairness, and comity." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011). "Comity to state courts is a considered a substantial interest" such that when federal claims are removed from consideration, there is "a strong presumption against the exercise of supplemental jurisdiction." *Id.* at 584 (quotation omitted). When parties have not "exerted substantial time or effort in briefing the merits of the state law causes of action," factors of judicial economy support a court's decision to decline to exercise supplemental jurisdiction. *Id.* at 585. Here, Plaintiff seeks to resolve his sole federal law claim and, even with the briefing in these TRO proceedings, the parties have spent fairly little time briefing the merits of Plaintiff's state law claims. Thus, judicial economy and comity cut against the Court's ability to exercise supplemental jurisdiction here.

### III. CONCLUSION

13. For the foregoing reasons, the Court lacks the ability to exercise supplemental jurisdiction to decide Plaintiff's Motion.

Dated: March 7, 2025

                                              Respectfully Submitted:

                                              */s/ David R. Mayo*
                                              David R. Mayo (0014345)
                                              Elliot M. Smith (0078506)
                                              Benesch, Friedlander, Coplan & Aronoff LLP
                                              127 Public Square, Suite 4900
                                              Cleveland, OH  44114-2378
                                              (216) 363-4500 Telephone
                                              (216) 363-4588 Facsimile
                                              E-Mail:  dmayo@beneschlaw.com
                                                            esmith@beneschlaw.com

                                              *Counsel for Defendant Locus Holdings, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 7, 2025 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                                                       */s/ Elliot M. Smith*
                                                       Elliot M. Smith